UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JASON TODD KALAPP,

      Petitioner,

v.            Case No. 3:03-cv-620-J-32TEM

JAMES V. CROSBY, JR.,
et al.,

      Respondents.
_____

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner Jason Todd Kalapp initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on July 28, 2003.[1] Petitioner challenges a 1998 state court (St. Johns County) judgment of conviction for two counts of sexual battery, kidnapping, burglary of a dwelling with battery and attempted first degree murder on two grounds: (1) ineffective assistance of counsel for failure to inform him that he had a valid defense of voluntary intoxication and insanity, and (2) the plea was involuntary as a result of counsel's failure to inform him of the maximum sentence that could be imposed.

---

[1] The Petition (Doc. #1) was filed in this Court on July 28, 2003; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner signed the Petition and handed it to prison authorities for mailing to this Court (July 18, 2003). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitation as set forth in this subsection. <u>See</u> Respondents' Response to Petition (Doc. #5)[2] (hereinafter Response). Petitioner was given admonitions and a time-frame to respond to the Response. <u>See</u> Court's Order to Show Cause and Notice to Petitioner (Doc. #4). Petitioner has responded. <u>See</u> Petitioner's Reply to Respondents' Response (Doc. #6) (hereinafter Reply).

Petitioner Jason Todd Kalaap entered a plea of nolo contendere to the charges of kidnapping, burglary of a dwelling with battery, attempted first degree murder and two counts of sexual battery. Ex. A, Transcript of the Plea Proceeding. The charges arose from Petitioner's unprovoked physical attack upon his neighbor. Petitioner was sentenced to five concurrent terms of life imprisonment. <u>Kalapp v. State</u>, 729 So.2d 987 (Fla. 5th DCA 1999); <u>see</u> http://www.dc.state.fl.us/ActiveInmates (Florida Department of Corrections website).

After the issues were briefed on direct appeal, <u>see</u> Ex. B, the appellate court *sua sponte* issued an order to show cause why the appeal should not be dismissed. Ex. C. Both parties filed responses. Ex. D. On March 26, 1999, the appellate court issued

---

[2] The Court will hereinafter refer to Respondents' exhibits as "Ex."

3

a written opinion dismissing the appeal, and the mandate issued on April 14, 1999.  Ex. E; Kalapp, 729 So.2d 987.

Petitioner's conviction became final on June 24, 1999 (ninety days after entry of the judgment).  See Supreme Court Rule 13.3.[3] This was after the April 24, 1996, effective date of the AEDPA. Therefore, Petitioner had one year from the date his case became final to file the federal petition (June 24, 2000).  His Petition, filed in this Court on July 18, 2003, would be untimely unless he could avail himself of one of the statutory provisions which extends or tolls the time period.

The one-year period of limitation ran for **693 days** until Petitioner, on May 18, 2001, filed a motion for post conviction relief pursuant to Fla. R. Civ. P. 3.850, in which he raised the following claim:  ineffective assistance of trial counsel for failure to raise the defense of voluntary intoxication. Ex. F.  On October 23, 2001, the trial court denied the motion for post conviction relief as facially insufficient and because the facts relied upon were rebutted by the record.  Ex. G.  The appellate court per curiam affirmed on April 2, 2002, and the mandate issued on May 23, 2002.  Ex. H.

---

[3] Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

On November 14, 2002, Petitioner filed a second Rule 3.850 motion, raising the following claims: (1) ineffective assistance of trial counsel for failure to inform him of the defense of voluntary intoxication; (2) ineffective assistance of trial counsel for failure to have Petitioner examined by a neurologist; and, (3) ineffective assistance of trial counsel for failure to file a motion to withdraw the plea. Ex. I. On November 20, 2002, the trial court denied the motion as successive and untimely. Ex. J. On March 11, 2003, the appellate court per curiam affirmed, and mandate issued on March 28, 2003. Ex. K.

When a Rule 3.850 motion is filed after the expiration of the federal limitation period, the motion cannot toll the limitation period because there is no period left. See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must actually have a properly filed state court petition or motion pending within the one-year period in order to toll the federal limitation period), cert. denied, 534 U.S. 1144 (2002). Here, Petitioner waited until the one-year period of limitation had expired before he filed his first motion for post conviction relief in the state court.

Petitioner was given the opportunity to address why the dictates of the one-year limitation period should not be imposed upon him. Petitioner argues that his lateness should be excused

5

because he has no legal knowledge and therefore had to rely upon the assistance of inmate law clerks who were inadequately trained with respect to the one-year period of limitation. He further claims that the untimeliness is the fault of trial counsel.

Upon review of Petitioner's arguments, this Court is of the opinion that Petitioner has not shown that he is entitled to the extraordinary relief of equitable tolling. Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003) (citations omitted). The Eleventh Circuit has emphasized, however, that equitable tolling applies "only in truly extraordinary circumstances." Id. (citations omitted).

It is clear that attorney negligence does not warrant equitable tolling.

> Equitable tolling is to be applied when "'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001). Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling. Drew, 297 F.3d at 1286-87. Because of the difficult burden, this Court has rejected most claims for equitable tolling. See, e.g., Johnson v. United States, 340 F.3d 1219 (11th Cir. 2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); Helton,

>   259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); Steed v. Head, 219 F.3d 1298 (11th Cir. 2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); Sandvik v. United States, 177 F.3d 1269 (11th Cir. 1999) (holding that attorney negligence will not warrant equitable tolling).

Diaz v. Sec'y for the Dep't of Corr., 362 F.3d 698, 700-01 (11th Cir. 2004) (per curiam).

Here, Petitioner's complaints about dealing with the prison's law clerks do not amount to extraordinary circumstances. In fact, the matters about which Petitioner complains constitute the rather ordinary circumstances faced by a pro se inmate petitioner in prison. There is nothing unusual or extraordinary about the difficulties Petitioner has encountered while incarcerated in prison. Furthermore, Petitioner has not shown an unconstitutional impediment to his right of access to the courts. See Akins v. United States, 204 F.3d 1086, 1090 (11th Cir.), cert. denied, 531 U.S. 971 (2000). In sum, Petitioner has failed to show extraordinary circumstances which prevented him from filing a timely petition.

As stated by the Eleventh Circuit:

>   Because it is "an extraordinary remedy," Steed, 219 F.3d at 1300, equitable tolling has been permitted by federal courts "only sparingly," Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 457,

>  112 L.Ed.2d 435 (1990). A fundamental purpose for the AEDPA was to establish finality in post-conviction proceedings. <u>Duncan v. Walker</u>, 533 U.S. 167, 178, 121 S.Ct. 2120, 2127, 150 L.Ed.2d 251 (2001); <u>Williams v. Taylor</u>, 529 U.S. 420, 436, 120 S.Ct. 1479, 1490, 146 L.Ed.2d 435 (2000).

<u>Jones v. United States</u>, 304 F.3d 1035, 1038-39 (11th Cir. 2002) (per curiam), <u>cert</u>. <u>denied</u>, 538 U.S. 947 (2003).

The one year statute of limitations adopted by Congress was meant to accelerate the federal habeas process, and Petitioner has not shown extraordinary circumstances to justify equitable tolling. Clearly, the burden is on Petitioner to make a showing of extraordinary circumstances, both beyond his control and unavoidable even with diligence, and this high hurdle will not be surmounted easily. The Court is not convinced that Petitioner has shown extraordinary circumstances that were both beyond his control and unavoidable even with diligence. <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam), <u>reh'g</u> <u>and</u> <u>suggestion</u> <u>for</u> <u>reh'g</u> <u>en</u> <u>banc</u> <u>denied</u>, 207 F.3d 666 (11th Cir. 2000). Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Thus, he is not entitled to equitable tolling of the limitation period in the case at bar.

Petitioner has not shown any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. Therefore, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1. Respondents' Response (Doc. #5), deemed a motion to dismiss the Petition, is **GRANTED**, and the Petition (Doc. #1) is hereby **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of June, 2005.

_____
TIMOTHY J. CORRIGAN
United States District Judge

sc 5/18
c:
Jason Todd Kalapp
Ass't Attorney General (Corrente)